UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELICK MICHAEL VERDULLA,

        Petitioner,

v.

        CASE NO. 2:06-CV-12589
        HONORABLE ARTHUR J. TARNOW

LINDA METRISH,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

I.    Introduction

This is a habeas case under 28 U.S.C. § 2254. Elick Verdulla ("Petitioner"), a Michigan prisoner, pleaded guilty to second-degree murder, felon in possession of a firearm, possession of a firearm during the commission of a felony, and being a fourth habitual offender in the Livingston County Circuit Court. He was sentenced to 22 to 50 years imprisonment on the murder conviction, a concurrent term of 22 to 40 years imprisonment on the felon in possession conviction, and a consecutive term of five years imprisonment on the felony firearm conviction in 2003. In his *pro se* petition for writ of habeas corpus, Petitioner raises claims concerning the voluntariness of his plea and the effectiveness of defense counsel. Respondent, through the Michigan Attorney General's office, has filed a response to the petition contending that it should be denied for failure to fully exhaust state remedies and/or for lack of merit. For the reasons set forth herein, the Court denies the petition for writ of habeas corpus.

1

II.    Facts and Procedural History

Petitioner's convictions arise from the shooting death of his 31-year-old girlfriend, Helen Rich, during an argument at their home in Fowlerville, Michigan on August 29, 2002. Petitioner was charged with open murder, felon in possession of a firearm, felony firearm, and habitual offender fourth offense. On September 5, 2003, Petitioner pleaded guilty to second-degree murder, felon in possession, felony firearm, and fourth habitual offender in exchange for dismissal of the open murder charge and a sentencing agreement of 22 years on the minimum, plus the mandatory five-year term on the second felony firearm offense. During the plea colloquy, Petitioner acknowledged his understanding of the charges and possible sentences, the plea agreement, and the rights that he was foregoing by pleading guilty. He denied that any threats or that any promises, other than those contained in the plea agreement, had been made to him to induce him to enter his plea. He stated that he was entering his plea by his own choice because he was guilty. Although Petitioner had some difficulty setting forth the factual basis for his plea, he ultimately indicated that he pointed a loaded .44 black powder pistol at the victim (who was a few feet way), that he intended to shoot her, and that he shot and killed her. Petitioner acknowledged that he created a very high risk of death or bodily injury and knew that death would be a likely result of his actions. The parties agreed that a proper factual basis for the plea had been made. The trial court found Petitioner's guilty plea to be knowing and voluntary and accepted his plea.

During an unrecorded hearing before the trial court on September 24, 2003, Petitioner reaffirmed his desire to plead guilty and indicated that he was prepared to proceed to sentencing. The trial court conducted the sentencing hearing on October 8, 2003. At that hearing, the trial court sentenced Petitioner to 22 to 50 years imprisonment on the murder conviction, a concurrent term of 22 to 40 years imprisonment on the felon in possession conviction, and a consecutive term of five years imprisonment on the felony firearm conviction in accordance with the plea agreement. The record indicates that Petitioner's minimum sentence of 22 years imprisonment was below the sentencing guideline range which called for a term of 26 years imprisonment.

In July, 2004, Petitioner filed a motion to withdraw his plea asserting that the plea was not knowing, intelligent, and voluntary and that defense counsel was ineffective. The trial court conducted a hearing on August 31, 2004 and denied the motion.

Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, essentially asserting the same claims presented in his habeas petition, which was denied "for lack of merit in the grounds presented." *People v. Verdulla*, No. 258022 (Mich. Ct. App. Jan. 21, 2005) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Verdulla*, 473 Mich. 884, 699 N.W.2d 705 (2005).

Petitioner thereafter filed his federal habeas petition, raising the following claims:

I. Because Petitioner's plea was not knowing and voluntary it is not valid and must be vacated.

II. Trial counsel's handling of the case renders his assistance ineffective.

3

Petitioner also asserts that appellate counsel was ineffective in his petition. Respondent has filed an answer to the petition contending that it should be denied.

III. Analysis

  A. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

  B. Exhaustion of State Remedies

As an initial matter, Respondent contends that the petition should be dismissed because Petitioner has failed to properly exhaust his state court remedies as to his habeas claim concerning the effectiveness of appellate counsel. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied if a prisoner invokes one

complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845. This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before raising them in a federal habeas petition. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner did not raise his ineffective assistance of appellate counsel claim in the state courts. Consequently, that claim is unexhausted for purposes of federal habeas review. *See O'Sullivan*, 526 U.S. at 845. Even though that claim is unexhausted, however, the claim has no merit such that the interests of comity and federalism are better served by addressing Petitioner's habeas claims rather than dismissing the petition for the failure to exhaust state remedies. *See Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir.1999); *see also* 28 U.S.C. § 2254(b)(2) (authorizing courts to deny a habeas petition on its merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). The Court, therefore, will address the merits of Petitioner's claims.

    C.    <u>Voluntary, Intelligent, and Knowing Nature of the Plea</u>

Petitioner first asserts that he is entitled to habeas relief because his guilty plea was not knowing, intelligent, and voluntary. When a petitioner is convicted pursuant to a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The

voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing and voluntary. At the time of his plea, Petitioner was 45 years old and had prior experience with the criminal justice system. There is no evidence that any mental or psychological problems impaired his ability to understand his criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the plea agreement and the consequences of the plea. Petitioner indicated that he was pleading guilty of his own free will and had not been coerced or threatened. He also indicated that no promises, other than those contained in the plea agreement, had been made to him to induce him to tender his plea.

Petitioner's assertion that his plea was not knowing and voluntary is belied by the record of his sworn testimony at the plea hearing. The fact that Petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *Brady*, 397 U.S. at 757. As aptly stated by the Sixth Circuit when faced with a

6

challenge to a plea bargain based upon an alleged off-the-record agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

Petitioner essentially argues that his plea was not knowing and intelligent because he had difficulty setting forth the factual basis for his plea. Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (E.D.

Mich. 2001). The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. Having reviewed the record, the Court is satisfied that Petitioner's guilty plea was knowing, intelligent, and voluntary.

    D.    <u>Effectiveness of Defense Counsel</u>

Petitioner asserts that defense counsel was ineffective for failing to promote a defense, for failing to question witnesses, for failing to seek suppression of an inculpatory statement, and for coercing him into accepting the plea agreement. Petitioner also asserts that appellate counsel was ineffective for failing to meet with him and failing to properly challenge his conviction.

The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n

8

many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

To the extent that Petitioner asserts that defense counsel was ineffective for failing to investigate his case or take certain actions during the pre-plea period, he is not entitled to habeas relief. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that defense counsel was ineffective in preparing for trial is foreclosed by his plea and Petitioner is not entitled to relief on such a basis.

Petitioner asserts that defense counsel mishandled his case and coerced him into

accepting a plea. Petitioner has alleged no facts to establish that counsel misadvised him about his case or his plea. Moreover, even if Petitioner was somehow misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos*, 170 F.3d at 565; *see also Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy.

Petitioner claims that defense counsel coerced him into pleading guilty. Petitioner's assertions conflict with his sworn testimony at the plea hearing in which he denied being coerced into pleading guilty and in which he stated that he was pleading guilty of his own free will. There is no evidence that defense counsel strong-armed Petitioner or used coercive tactics to get him to plead guilty. Petitioner's assertion that he was coerced is belied by the record. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief); *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Furthermore, given the significant evidence of guilt presented at the preliminary examination, Petitioner has failed to show that defense counsel erred or acted unreasonably in advising him to accept the plea agreement.

Lastly, Petitioner has not established that but for counsel's alleged errors there is a

reasonable probability that he would not have pleaded guilty and insisted on going to trial. *See Hill*, 474 U.S. at 58-59. By entering a plea, Petitioner reduced the charge against him, guaranteed that his minimum sentence would be 22 years imprisonment plus five years, and reduced his maximum sentencing exposure from life imprisonment. The matters which he believes should have been further investigated or acted upon by counsel do not establish his innocence nor cast doubt upon the reliability of the proceedings. Under such circumstances, Petitioner cannot prevail on his ineffective assistance of defense counsel claim.

Petitioner also asserts that appellate counsel was ineffective for failing to sufficiently meet with him and for failing to properly challenge his second-degree murder conviction. Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See, e.g., O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). It is well-established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

In this case, Petitioner has failed to allege any facts to show that appellate counsel's performance fell outside the wide range of professionally competent assistance. The record reveals that appellate counsel raised issues concerning the voluntariness of Petitioner's plea and the effectiveness of trial counsel. Such issues are the main challenges a criminal defendant has when pursuing an appeal in the guilty plea context. Petitioner has not established that appellate counsel's strategy in presenting certain claims and not raising any other claims on appeal was deficient or unreasonable. Petitioner has also not shown how appellate counsel's alleged failure to meet with him in person during the pendency of his appeal hampered those proceedings. As noted *supra*, conclusory allegations are insufficient to warrant habeas relief. Petitioner has not alleged facts which demonstrate that appellate counsel performed in a deficient manner or which indicate that he was prejudiced by counsel's conduct. He has thus failed to establish that appellate counsel was ineffective under the standard set forth in *Strickland, supra*. Habeas relief is not warranted on this claim.

IV. Conclusion

For the reasons stated, the Court concludes that the state courts' denial of relief on Petitioner's claims is neither contrary to United States Supreme Court precedent nor an unreasonable application of the law or the facts. Petitioner is not entitled to federal habeas relief on the claims presented in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: January 30, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 30, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary